# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| THOMAS NIEMEYER, SHUNTISHA CARPENTER, ERICA LITTLE, and JAMES CASSIDY, Individually and as Representatives of Class of Persons Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SONNI WILLIAMS, Assistant Corporation Counsel of the City of Peoria, in Her Individual Capacity, STEVEN M. SETTINGSGAARD, Chief of the City of Peoria Police Department, in His Individual Capacity, CITY OF PEORIA, ILLINOIS, An Illinois Local Government Entity, WELLS FARGO FINANCIAL ACCEPTANCE, INC., a Corporation, CITIZENS EQUITY FIRST CREDIT UNION d/b/a/ CEFCU, a Chartered Credit Union <br><br> Defendants. | Case No. 07-cv-1103 |

## O P I N I O N  &  O R D E R

This matter is before the Court on the Motion for Summary Judgment filed by Defendant Wells Fargo Auto Finance, Inc. ("Wells Fargo") on September 16, 2011 (Doc. 117). Plaintiff Thomas Niemeyer filed a Response to the Motion on October 25, 2011 (Doc. 125). In his Response, Plaintiff indicates that he "does not contest the motion for summary judgment of this defendant and concedes an Order may be entered granting the motion for summary judgment for this defendant without prejudice to the claims against the other defendants." (Doc. 125 at 1-2).

1

**BACKGROUND**

This litigation involves a number of claims against a number of different parties, all of which center around the impoundment of Plaintiffs' vehicles by the City of Peoria and the subsequent transfer of possession of those vehicles to lien holders. Plaintiff Niemeyer alleged that the City of Peoria impounded his 2003 Dodge Durango on April 27, 2005. Niemeyer was informed that the vehicle was used in a drug offense. Within thirty minutes of the seizure, Peoria police officers had contacted Defendant Wells Fargo, a lien holder. Wells Fargo paid the $500.00 impoundment fee and immediately sold the vehicle to a third party. Niemeyer successfully appealed the impoundment of his vehicle by arguing that the vehicle was stolen by another person who used it for illegal activity without Niemeyer's knowledge or permission (knowledge was an element in the City of Peoria's ordinance at the time Niemeyer's car was impounded).

**PRESENT MOTION**

The present Motion concerns only Plaintiff Thomas Niemeyer's common law conversion claim and § 1983 claim against Defendant Wells Fargo. The rights and/or obligations of any of the other plaintiffs and defendants are not implicated in the present Motion.

In its Motion for Summary judgment, Wells Fargo argues that Niemeyer cannot establish any of the elements of conversion because "he cannot establish that he has a right to the property at issue, that he has a right to immediate possession of the property, that he made a demand for possession to Wells Fargo, or that Wells

Fargo wrongfully and without permission assumed control of the property." (Doc. 117 at 7). Wells Fargo states that Niemeyer had no right to the property or right to immediate possession of the property because Wells Fargo had a right to the property under the Security Agreement, as Niemeyer was in default when the City of Peoria impounded the vehicle, and, pursuant to the Security Agreement, Niemeyer's default entitled Wells Fargo to retake possession of the vehicle. (Doc. 117 at 7-8). Furthermore, Well Fargo argues that Niemeyer never made a demand upon Wells Fargo, and that Niemeyer admitted that "he did not suffer[] physical, emotional or monetary loss in association with his claims against Wells Fargo." (Doc. 117 at 8).

Wells Fargo also argues that Niemeyer's § 1983 claim fails both as a matter of law and factually. First, Wells Fargo asserts that "a plaintiff is precluded from bringing a § 1983 claim against a creditor for violation of due process rights relating to deprivation of property when that creditor is exercising its rights under a private agreement and is legally entitled to retake the property." (Doc. 117 at 8). Wells Fargo claims that it is undisputed that "Wells Fargo had an absolute right to retake possession of the Collateral due to Niemeyer's default under the Note and Security Agreement." (Doc. 117 at 9). Additionally, Wells Fargo argues that there are no facts supporting Niemeyer's allegations that Wells Fargo conspired with the City of Peoria, and that Niemeyer's claims are barred by the settlement agreement entered into by the parties. (Doc. 117 at 9-11).

### DISCUSSION

It is important to note at the outset that Plaintiff Niemeyer has not simply failed to respond to Defendant Wells Fargo's Motion for Summary Judgment; rather, Niemeyer affirmatively states that he "does not contest the motion for summary judgment of this defendant and concedes an Order may be entered granting the motion . . . for this defendant without prejudice to the claims against the other defendants." (Doc. 125 at 1-2). Because Niemeyer has consented to Wells Fargo's Motion, the Court finds that the entry of summary judgment is appropriate.

The Court believes that Defendant Wells Fargo may also be requesting entry of a judgment pursuant to Rule 54(b), not merely a nonappealable partial or interlocutory summary judgment order under Rule 56. However, the Court will not grant such relief absent a motion specifically requesting it, as Defendant asked only for relief pursuant to Rule 56, and Plaintiff's consent cannot therefore be presumed to extend to a grant of judgment under Rule 54(b). Therefore the Defendant Wells Fargo may file a Rule 54(b) motion if this is indeed what it desires.

### CONCLUSION

For the foregoing reasons, Defendant Wells Fargo Auto Finance, Inc.'s Motion for Summary Judgment (Doc. 117) is GRANTED. IT IS SO ORDERED.

Entered this <u>15th</u> day of November, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
