IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| THOMAS NIEMEYER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 07-CV-1103 |
| ) | |
| SONNI WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before this Court on Defendant Citizens Equity Federal Credit Union's (CEFCU) Motion to Dismiss James Cassidy's Claims Against CEFCU Pursuant to Rule 41(b) and Rule 37(b)(2)(a) (d/e 126) (CEFCU Motion) and Defendant City of Peoria's (Peoria) Motion to Dismiss James Cassidy's Claims Against the City of Peoria (d/e 128) (Peoria Motion) in which Peoria joined the CEFCU Motion. Plaintiff James Cassidy has settled with Defendant CEFCU. See Order Following Report of Settlement Between Plaintiffs and Defendant Citizens Equity First Credit Union (d/e 138). Peoria, however, joined the CEFCU Motion, and so, the Court will rule on the joint Motions. For the reasons set forth below, the Motions are allowed in part. The Court orders Cassidy to serve responses to the outstanding discovery requests by December 14, 2011, to make

himself available to be deposed at a time convenient to Peoria before December 30, 2011, and to pay Peoria's expenses and attorney fees incurred in bringing the Peoria Motion.  Pursuant to this Court's Text Order of November 30, 2011, all dispositive motions must be filed by January 3, 2012.

## BACKGROUND

Plaintiff Thomas Niemeyer brought this action on April 27, 2007. Complaint (d/e 1).  On August 10, 2007, Cassidy and three other individuals joined the case as additional plaintiffs.  Amended Complaint (d/e 23).  The plaintiffs sought class certification.  The parties litigated the class certification issue before setting other deadlines.  Text Order entered February 10, 2009.  The District Court denied class certification on September 23, 2010.  Opinion and Order (d/e 97).  Thereafter, this Court set deadlines for the remaining individual claims.  The Court set August 12, 2011, for completion of discovery and September 16, 2011, for filing of dispositive motions.  The Court set the pretrial conference for December 28, 2011, and the trial for January 23, 2012.  Text Order May 11, 2011.

On June 14, 2011, CEFCU served Cassidy with interrogatories and requests to produce (collectively the Discovery Requests).  CEFCU Motion, at 1.  The responses were due on July 14, 2011.  Cassidy did not respond. CEFCU filed a Motion to Compel on September 1, 2011.  Motion to Compel

<u>Plaintiffs Carpenter and Cassidy to Answer Written Discovery (d/e 114) (Motion to Compel)</u>.  On September 21, 2011, this Court ordered Cassidy to respond to the Discovery Requests by September 30, 2011, and to complete his deposition by October 30, 2011.  The Court extended the dispositive motion date to November 15, 2011, and continued the pretrial conference to January 25, 2012, and the trial to February 21, 2012.  <u>Text Order entered September 21, 2011 (September 21 Order)</u>.

Cassidy did not comply with the September 21 Order.  He did not respond to the Discovery Requests by September 30, 2011, and he did not appear for his deposition in October 2011.  On October 24, 2011, CEFCU's counsel learned that Plaintiffs' counsel was unable to contact Cassidy at that time and Cassidy was unavailable to be deposed.  <u>CEFCU Motion</u>, at 3.  On November 3, 2011, CEFCU filed the CEFCU Motion.  Peoria joined the CEFCU Motion the same day.  <u>See</u> <u>CEFCU Motion</u>, and <u>Peoria Motion</u>.  The Court subsequently extended the dispositive motion deadline to twenty-one days after entry of a ruling on the Motions.  <u>Text Order entered November 30, 2011</u>.

Cassidy states that he was "dilatory and remiss in not keeping in touch with his counsel."  <u>Plaintiff's Response to Motion to Dismiss of James Cassidy by Citizens Equity Credit Union as it Impacts the City of Peoria's Motion to Dismiss (d/e 137) (Cassidy Response)</u>, at 3.  Plaintiffs' counsel

could not locate Cassidy on September 3, 2011, when CEFCU filed its Motion to Compel, or when the Court entered the September 21 Order. Id. at 2. Plaintiffs' counsel's investigator finally located Cassidy on November 17, 2011. Id.

Cassidy came to his counsel's office on December 9, 2011, and provided information necessary to respond to the Discovery Requests. Plaintiffs' counsel, however, had computer problems and lost the information. Id. Counsel represented that Cassidy would return to his office and responses to the Discovery Requests would be served on December 12, 2011. Id. Cassidy also stated that he is available for a deposition during the two weeks commencing on December 9, 2011. Id.

Cassidy served his answers to interrogatories on December 12, 2011, but did not respond to the request to produce documents. Plaintiff, James Cassidy's, Notice of Service of Answers Interrogatories of Citizens Equity First Credit Union (d/e 139), at 1. Cassidy stated that he will respond to the request to produce on December 14, 2011. Id.

## ANALYSIS

This Court already ruled on the Motion to Compel on September 21, 2011. Cassidy failed to comply with the September 21 Order. Peoria seeks sanctions for that failure. Cassidy's violation of the September 21 Order is undisputed. Cassidy's only explanation is that he was dilatory and remiss in

failing to stay in touch with his lawyer. That explanation is not sufficient. He filed this action. He alleged that Peoria and CEFCU violated his constitutional rights. He caused these defendants to expend time, energy, and money to defend these allegations. He has an obligation to cooperate in discovery and participate in pretrial proceedings. He cannot just fail to keep in contact with his lawyer. Cassidy violated the September 21 Order.

Rule 37 lists several remedies for this violation:

(b) Failure to Comply with a Court Order.

. . . .

(2) Sanctions in the District Where the Action Is Pending.

> (A) For Not Obeying a Discovery Order. If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>
>> (iii) striking pleadings in whole or in part;
>>
>> (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> . . . .
>
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(A)&(C).  Peoria asks for dismissal as the appropriate sanction.  Dismissal is the most extreme sanction and is reserved for the most extreme cases in which there is a clear record of delay and contumacious conduct.  See E.g., Rice v. City of Chicago, 333 F.3d 780, 784 (7th Cir. 2003).  The admission that Cassidy was dilatory in keeping in contact with his lawyer shows negligence, but not the kind of extreme conduct that merits dismissal.

Cassidy's negligence, however, merits some sanction.  The Court determines in its discretion, pursuant to Rule 37(b)(C), that the appropriate sanction is payment of Peoria's expenses and attorney fees incurred in

bringing the Peoria Motion.[1]  Peoria is directed to submit an affidavit setting forth its expenses and attorney fees by December 20, 2011.  Cassidy can file a response by December 27, 2011.  The Court will then enter an order setting forth the amount of fees and expenses allowed and setting the date by which Cassidy must pay the allowed sum to Peoria.

In addition, Cassidy must serve his response to the outstanding Discovery Request, specifically the outstanding request to produce, by December 14, 2011, and must appear at a time and place convenient to Peoria on or before December 30, 2011, and cooperate in the taking of his deposition at that time.

Peoria also seeks dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute.  Cassidy has responded to the Motions and is apparently interested in pursuing his claims.  Cassidy, however, has not always demonstrated an interest in pursuing these claims.  He did not bother to contact his lawyer for months; he had multiple chances to respond to the Discovery Requests, but failed to do so; and he failed to comply with the September 21 Order.  Dismissal may be appropriate under these circumstances, but not without a warning. Bolt v. Loy, 227 F.3d 854, 856 (7th 2000).  Therefore, the Court hereby warns Cassidy that he does not

---

[1] Cassidy has presented no information that indicates that an award of expenses would be unjust.

comply with this Opinion in full then his claims against Peoria may be subject to dismissal with prejudice for failure to prosecute.

The Court does not grant CEFCU any relief because it has settled with Cassidy. If, for any reason, the settlement is not completed, CEFCU is given leave to renew the CEFCU Motion.

Cassidy argues that Peoria lacks standing because it did not serve the discovery, file the Motion to Compel, and did not secure relief set forth in the September 21 Order. Cassidy cites no authority for this proposition, and the Court is not aware of any such authority. Peoria has suffered an injury in fact from Cassidy's violation of the September 21 Order, and this Court can provide meaningful relief. See Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton, 422 F.3d 490, 495 (7th Cir. 2005) (elements of standing). Peoria has been denied the opportunity to review Cassidy's responses to the Discovery Requests and the opportunity to depose Cassidy. Peoria has suffered delays because the entire proceeding has been delayed. This Court has authority to remedy those injuries pursuant to Rule 37(b) and 28 U.S.C. § 636. Peoria has standing.

Cassidy also argues that the Peoria Motion must be denied because Peoria did not certify that it attempted in good faith to meet and confer with Cassidy to resolve the matter before filing the Peoria Motion. The Court again disagrees. A party must certify that it has made good faith efforts to

meet and confer with the opposing party before filing a motion to compel. Fed. R. Civ. P. 37(a)(1).  Peoria, however, did not file a motion to compel. Peoria filed a motion under Rule 37(b) for sanctions for Cassidy's failure to comply with the September 21 Order.  CEFCU filed the Motion to Compel back in July 2011.  CEFCU satisfied the meet and confer requirements. Motion to Compel, at 2.  Peoria does not seek to compel discovery under Rule 37(a), and so, does not need to satisfy the Rule 37(a) meet and confer requirements.  The Peoria Motion is properly before the Court.

Cassidy lastly argues that Peoria has not been prejudiced.  The Court again disagrees.  Peoria has clearly suffered delays.  The trial has been moved back from January to February 2012.  The dispositive motion date has been moved, and will be moved to January 3, 2012.  Peoria has also had to incur expenses and fees in filing the Peoria Motion.  There is clear prejudice.

WHEREFORE, Defendant Citizens Equity Federal Credit Union's Motion to Dismiss James Cassidy's Claims Against CEFCU Pursuant to Rule 41(b) and Rule 37(b)(2)(a) (d/e 126) and the Motion to Dismiss James Cassidy's Claims Against the City of Peoria (d/e 128) are ALLOWED in part with respect to Defendant City of Peoria.  Cassidy is hereby ordered:

1. To serve responses to the outstanding discovery requests, specifically the CEFCU request to produce, by December 14, 2011;

2. To make himself available to be deposed at a time and place convenient to Defendant City of Peoria before December 30, 2011, and cooperate in the taking of his deposition at that time; and

3. To pay Defendant City of Peoria's expenses and attorney fees incurred in bringing this Motion.

Defendant City of Peoria is directed to submit an affidavit setting forth its expenses and attorney fees by December 20, 2011. Cassidy may file a response by December 27, 2011. The Court will then enter an order setting forth the amount of fees and expenses allowed and setting the date by which Cassidy must pay the allowed sum to Defendant City of Peoria. The Court hereby warns Cassidy that if he does not comply with this Opinion in full then his claims against Peoria may be subject to dismissal with prejudice for failure to prosecute.

Pursuant to this Court's Text Order of November 30, 2011, dispositive motions must be filed by January 3, 2012.

ENTER: December 13, 2011

      *s/ Byron G. Cudmore*
      BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE